# UNITED STATES DISTRICT COURT
# FOR SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> BRIDGE IT, INC., a corporation, also d/b/a Brigit; <br><br> Defendant. | Case No. 23 Civ. 9651 <br><br> **STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Monetary Relief, and Other Relief ("Complaint"), for a permanent injunction, monetary relief, and other relief in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b. The Commission and Defendant stipulate to the entry of this ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.  This Court has jurisdiction over this matter.

2.  The Complaint charges that Defendant participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and ROSCA, 15 U.S.C. § 8404, by offering its mobile application over the internet using a negative option feature and failing to disclose material transaction terms before obtaining consumers' billing information, charging consumers without consent, and failing to provide a simple method for consumers to cancel their monthly subscription.

3.  Defendant neither admits nor denies any of the allegations in the Complaint,

except as specifically stated in this Order. Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4.  Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

5.  Defendant and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.  **"Billing Information"** means any data that enables any person to access a customer's account, such as a credit card, checking, savings, share or similar account, utility bill, mortgage loan account, or debit card.

B.  **"Charge," "Charged,"** or **"Charging"** means any attempt to collect money or other consideration from a consumer, including causing Billing Information to be submitted for payment, including against the consumer's credit card, debit card, bank account, telephone bill, or other account.

C.  **"Clear(ly) and conspicuous(ly)"** means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1.  In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and

audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

D. **"Defendant"** means BRIDGE IT, INC., d/b/a "Brigit," and its successors and assigns.

3

E.  **"Negative Option Feature"** means, in an offer or agreement to sell or provide any good or service, a provision under which the consumer's silence or failure to take affirmative action to reject a good or service or to cancel the agreement is interpreted by the seller or provider as acceptance or continuing acceptance of the offer.

## ORDER

### I.  CLAIMS PROHIBITION

IT IS ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service are permanently restrained and enjoined from:

A.  Misrepresenting, expressly or by implication:

1.  The amount of funds available to a consumer;

2.  When funds will be available to a consumer;

3.  Any fees, including for delivery;

4.  Consumers' ability to cancel, or obtain a refund for any charges; or

5.  Any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

B.  Making any representation, expressly or by implication, regarding the amount of funds available to a consumer, when funds will be available to a consumer, and the timing or cost of disbursement unless at the time such representation is made, Defendant possesses and relies upon competent and reliable evidence that is sufficient in quality and quantity to substantiate that the representation is true.

## II.   PROHIBITION AGAINST MISREPRESENTATIONS IN NEGATIVE OPTION PRODUCTS OR SERVICES

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service with a Negative Option Feature, are permanently restrained and enjoined from misrepresenting, expressly or by implication:

A.   Any cost to the consumer to purchase, receive, use, or return the initial good or service;

B.   That the consumer will not be Charged for any good or service;

C.   That a good or service is offered on a "free," "trial," "sample," "bonus," "gift," "no obligation," "discounted" basis, or words of similar import, denoting or implying the absence of an obligation on the part of the recipient of the offer to affirmatively act in order to avoid Charges, including where a Charge will be assessed pursuant to the offer unless the consumer takes affirmative steps to prevent or stop such a Charge;

D.   That the consumer can obtain a good or service for a processing, service, shipping, handling, or administrative fee with no further obligation;

E.   Any purpose for which the consumer's Billing Information will be used;

F.   The date by which the consumer will incur any obligation or be Charged unless the consumer takes an affirmative action on the Negative Option Feature;

G.   That a transaction has been authorized by the consumer;

H.   Any material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy for the good or service; or

I.   Any other material fact.

5

## III. REQUIRED DISCLOSURES RELATING TO NEGATIVE OPTION FEATURE

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service with a Negative Option Feature, are permanently restrained and enjoined from:

A. Representing directly or indirectly, expressly or by implication, that any good or service that includes a Negative Option Feature is being offered on a free, trial, no obligation, reduced, or discounted basis, without disclosing Clearly and Conspicuously, and immediately adjacent to, any such representation:

1. The extent to which the consumer must take any affirmative action to avoid any Charges: a) for the offered good or service, b) of an increased amount after the trial or promotional period ends, and c) on a recurring basis;

2. The total cost (or range of costs) the consumer will be Charged and, if applicable, the frequency of such Charges unless the consumer timely takes steps to prevent or stop such Charges; and

3. The deadline(s) (by date or frequency) by which the consumer must affirmatively act in order to stop all recurring Charges.

B. Obtaining Billing Information from a consumer for any transaction involving a good or service that includes a Negative Option Feature, without first disclosing Clearly and Conspicuously, and immediately adjacent to where a consumer provides Billing Information:

6

  1. The extent to which the consumer must take affirmative action to avoid any Charges: a) for the offered good or service, b) of an increased amount after the trial or promotional period ends, and c) on a recurring basis;

  2. The total cost (or range of costs) the consumer will be Charged, the date the initial Charge will be submitted for payment, and, if applicable, the frequency of such Charges unless the consumer timely takes affirmative steps to prevent or stop such Charges;

  3. The deadline(s) (by date or frequency) by which the consumer must affirmatively act in order to stop all recurring Charges;

  4. The name of the seller or provider of the good or service and, if the name of the seller or provider will not appear on billing statements, the billing descriptor that will appear on such statements;

  5. A description of the good or service;

  6. Any Charge or cost for which the consumer is responsible in connection with the cancellation of an order, any service or the return of any good;

  7. The simple cancellation mechanism to stop any recurring Charges, as required by this Order.

C. Failing to send the consumer:

  1. Immediately after the consumer's submission of an online order, written confirmation of the transaction by email. The email must Clearly and Conspicuously disclose all the information required by Subsection B, and contain a subject line reading "Order Confirmation" along with the name of the good or service, and no additional information; or

2. Within 2 days after receipt of the consumer's order by mail or telephone, a written confirmation of the transaction, either by email or first class mail. The email or letter must Clearly and Conspicuously disclose all the information required by Subsection B. The subject line of the email must Clearly and Conspicuously state "Order Confirmation" along with the name of the good or service, and nothing else. The outside of the envelope must Clearly and Conspicuously state "Order Confirmation" along with the name of the product or service, and no additional information other than the consumer's address, the Defendant's return address, and postage.

## IV. OBTAINING EXPRESS INFORMED CONSENT FOR A NEGATIVE OPTION

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service with a Negative Option Feature, are permanently restrained and enjoined from using Billing Information to obtain payment from a consumer, unless Defendant first obtains the express informed consent of the consumer to do so. To obtain express informed consent, Defendant must:

A. For all written offers (including over the Internet, such as through a web-based application), obtain consent through a check box, signature, or other substantially similar method, which the consumer must affirmatively select or sign to accept the Negative Option Feature, and no other portion of the offer. Defendant shall disclose Clearly and Conspicuously, and immediately adjacent to such check box, signature, or substantially similar method of affirmative consent, only the following, with no additional information:

8

    1.    The extent to which the consumer must take affirmative action to avoid any Charges: a) for the offered good or service, b) of an increased amount after the trial or promotional period ends, and c) on a recurring basis;

    2.    The total cost (or range of costs) the consumer will be Charged and, if applicable, the frequency of such Charges unless the consumer timely takes affirmative steps to prevent or stop such Charges; and

    3.    The deadline(s) (by date or frequency) by which the consumer must affirmatively act in order to stop all recurring Charges.

B.    For all oral offers, prior to obtaining any Billing Information from the consumer:

    1.    Clearly and Conspicuously disclose the information contained in Subsection B of the Section titled Required Disclosures Relating To Negative Option Feature; and

    2.    Obtain affirmative unambiguous express oral confirmation that the consumer: a) consents to being Charged for any good or service, including providing, at a minimum, the last 4 digits of the consumer's account number to be Charged, b) understands that the transaction includes a Negative Option Feature, and c) understands the specific affirmative steps the consumer must take to prevent or stop further Charges.

## V. SIMPLE MECHANISM TO CANCEL NEGATIVE OPTION FEATURE

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service with a Negative Option Feature, are permanently restrained and enjoined from:

9

A. Failing to provide a simple mechanism for the consumer to: (1) avoid being Charged, or Charged an increased amount, for a good or service through a Negative Option Feature and (2) immediately stop any recurring Charge through a Negative Option Feature. Such mechanism must:

    a. be easy to find;

    b. be easy to use to stop such Charge;

    c. not require the consumer to take any action that is objectively unnecessary to cancel, including using a user interface that has the effect of impeding consumers' expression of preference, manipulating consumers into taking certain action, or otherwise subverting consumers' choice.

B. If any consumers entered into the agreement to purchase a good or service including a Negative Option Feature over the Internet or a mobile phone application, failing to provide the mechanism through the same website, email address or other application.

C. If any consumers entered into the agreement to purchase a good or service including a Negative Option Feature through an oral offer or acceptance, failing to provide such mechanisms through the use of a telephone number and a postal address.

## VI. MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A. Judgment in the amount of Eighteen Million Dollars ($18,000,000) is entered in favor of the Commission against Defendant as monetary relief.

B. Defendant is ordered to pay to the Commission, Eighteen Million Dollars ($18,000,000), which, as Defendant stipulates, its undersigned counsel holds in escrow for no purpose other than payment to the Commission. Such payment must be made within 7 days of

entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

## VII. ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.  Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.  The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.  The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.  Defendant acknowledges that its Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendant must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

E.  All money received by the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it

11

determines to be reasonably related to Defendant's practices alleged in the Complaint. Any money not used for relief is to be deposited to the U.S. Treasury. Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VIII. CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from directly or indirectly failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defendant must provide it, in the form prescribed by the Commission, within 14 days.

## IX. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendant obtain acknowledgments of receipt of this Order:

A. Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

12

C.	From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## X. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendant make timely submissions to the Commission:

A.	One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury, that: (a) identifies the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identifies all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describes the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales; (d) describes in detail whether and how Defendant is in compliance with each Section of this Order; and (e) provides a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.	For 15 years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following: (a) any designated point of contact; or (b) the structure of Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.	Defendant must submit to the Commission notice of the filing of any bankruptcy

petition, insolvency proceeding, or similar proceeding by or against Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Bridge It, Inc.*, FTC Matter No. 2223051.

## XI. RECORDKEEPING

IT IS FURTHER ORDERED that Defendant must create certain records for 15 years after entry of the Order, and retain each such record for 5 years. Specifically, Defendant must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.	all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.	a copy of each unique advertisement or other marketing material.

## XII. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order, including any failure to transfer any assets as required by this Order:

A.	Within 14 days of receipt of a written request from a representative of the Commission, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.	For matters concerning this Order, the Commission is authorized to communicate directly with Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.	The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XIII. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this** 8th **day of** November **, 202**3**.**

_____
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FEDERAL TRADE COMMISSION**

Date: Nov. 2, 2023

PATRICK ROY
MARK GLASSMAN
JAMES DOTY
Attorneys
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., NW
Mailstop CC-10232
Washington, DC 20580
Telephone: (202) 326-3477 (Roy)
Facsimile: (202) 326-3768
proy@ftc.gov
mglassman@ftc.gov
jdoty@ftc.gov

**FOR DEFENDANT**

Date: _____

Allyson B. Baker
Meredith Boylan
Michael Marusak
Paul Hastings LLP
2050 M Street NW,
Washington, DC 20036
202-551-1830
allysonbaker@paulhastings.com
COUNSEL for Bridge It, Inc.

**DEFENDANT BRIDGE IT, INC.**

Date: _____

ZUBEN MATHEWS, AS AN OFFICER
OF BRIDGE IT., INC.

17

**SO STIPULATED AND AGREED:**

**FEDERAL TRADE COMMISSION**

_____   Date: _____
PATRICK ROY
MARK GLASSMAN
JAMES DOTY
Attorneys
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., NW
Mailstop CC-10232
Washington, DC 20580
Telephone: (202) 326-3477 (Roy)
Facsimile: (202) 326-3768
proy@ftc.gov
mglassman@ftc.gov
jdoty@ftc.gov

**FOR DEFENDANT**

_____   Date: October 18, 2023
Allyson B. Baker
Meredith Boylan
Michael Marusak
Paul Hastings LLP
2050 M Street NW,
Washington, DC 20036
202-551-1830
allysonbaker@paulhastings.com
COUNSEL for Bridge It, Inc.

**DEFENDANT BRIDGE IT, INC.**

_____   Date: _____
ZUBEN MATHEWS, AS AN OFFICER
OF BRIDGE IT., INC.

17

**SO STIPULATED AND AGREED:**

**FEDERAL TRADE COMMISSION**

Date: _____

_____
PATRICK ROY
MARK GLASSMAN
JAMES DOTY
Attorneys
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., NW
Mailstop CC-10232
Washington, DC 20580
Telephone: (202) 326-3477 (Roy)
Facsimile: (202) 326-3768
proy@ftc.gov
mglassman@ftc.gov
jdoty@ftc.gov

**FOR DEFENDANT**

Date: _____

_____
Allyson B. Baker
Meredith Boylan
Michael Marusak
Paul Hastings LLP
2050 M Street NW,
Washington, DC 20036
202-551-1830
allysonbaker@paulhastings.com
COUNSEL for Bridge It, Inc.

**DEFENDANT BRIDGE IT, INC.**

_____
ZUBEN MATHEWS, AS AN OFFICER
OF BRIDGE IT., INC.

Date: 10/19/2023

17